# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINNY RENE BURNS,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 1:19-cv-01534-SAB<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Ginny Rene Burns ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint in this action against the Commissioner of Social Security.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to

screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

**II.**

**DISCUSSION**

**A.  Allegations in Complaint**

Plaintiff's complaint is incomprehensible. Plaintiff attaches a letter from the Social Security Administration, dated March 18, 2016, which informs her that she "**cannot** enter any Social Security office for any reason. This restriction means that if you enter a Social Security office, you can be arrested and charged with trespassing." (ECF No. 1 at 7[1] (emphasis in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

original). The letter states:

> **Why You May No Longer Enter An Office**
>
> Your actions in the WEST FRESNO CA Social Security office violated our regulations. These regulations prohibit threatening or disorderly conduct on Federal property or directed at our personnel. Specifically, on 03/18/2016, you assault a federal officer, and was disruptive and disorderly in the SSA office.

(Id. (errors in original).) Plaintiff was advised that she may only enter an SSA office if she receives "**a certified letter with the specific date and time of an appointment.**" (Id. (emphasis in original).) Plaintiff was also provided with information on how to appeal the letter should she disagree with the decision. (Id. at 8.)

Plaintiff's complaint appears to state that she did nothing wrong and is entitled to more benefits that were withheld giving her nine hundred dollars. However, the basis of Plaintiff's claims in this action are not clear. The Court cannot determine if Plaintiff is challenging the letter prohibiting her from entering any Social Security office or if her claim is based on the withholding of benefits. Plaintiff shall be provided with an opportunity to file an amended complaint to clarify the basis of her claims and is provided with the following legal standards.

### B. Denial of Benefits Under the Social Security Act

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).)

In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action

commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

To the extent that Plaintiff is attempting to appeal any final decision of the Social Security Commissioner, the proper defendant is the Commissioner of Social Security, not the Social Security Administration. See 42 U.S.C. 405(g). Further, if Plaintiff is seeking to appeal a final decision of the Commissioner, she must demonstrate that she has complied with the requirements of Section 405(g), including that she has received a final decision and that this action is filed "within sixty days after the mailing to [her] of notice of such decision" after a hearing. See 42 U.S.C. 405(g).

Plaintiff is advised that to comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits. This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. §§ 404.905, 404.909. If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council. 20 C.F.R. § 404.955. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse

determination from the Appeals Council. There are no allegations in the complaint that Plaintiff applied for or was receiving Social Security benefits, appealed an adverse decision, had a hearing regarding the denial of benefits, and received a final decision of the Commissioner. The complaint does not contain sufficient information for the Court to determine the sufficiency of Plaintiff's claim under Section 405(g). However, Plaintiff will be allowed an opportunity to amend this claim because she may be able to allege sufficient facts to support a claim appealing a decision to deny her application for benefits.

### C. March 18, 2016 Letter

To the extent that Plaintiff is challenging the letter preventing her from entering any Social Security office, this court does not have jurisdiction unless the claim arises under the Social Security Act. A claim arises under the Social Security Act when a plaintiff seeks to recover Social Security benefits or when the Act "provides both the standing and the substantive basis for" the claim. Weinberger v. Salfi, 422 U.S. 749, 760–61 (1975). Claims clearly "arise under" the Act "where an individual seeks a monetary benefit from the agency . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial". Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). Such a claim related to a monetary benefit "arises under" the Social Security Act "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." Id.

In Kaiser, the Ninth Circuit applied a two-part test to determine if the claims arose under Medicare to determine if they could proceed under section 405(g). First, claims that are "inextricably intertwined" with the benefits determination may arise under Medicare. Kaiser, 347 F.3d at 1112 (quoting Heckler v. Ringer, 466 U.S. 602, 615 (1984)). Second, claims for which "both the standing and the substantive basis for the presentation' of the claims" is the Act may arise under Medicare. Kaiser, 347 F.3d at 1112 (quoting Ringer, 466 U.S. at 615, and Weinberger, 422 U.S. at 760–61).

Here, Plaintiff has alleged no facts by which the Court could find that the denial of entry into a Social Security office is inextricably intertwined with the denial of her claim for benefits.

1       Additionally, the Social Security Act does not provide the standing and substantive basis for any claim based upon prohibiting Plaintiff from entering any Social Security office. The claim does not challenge any payment of benefits to Plaintiff. The Act itself does not provide that an individual has a right to enter a Social Security office and if Plaintiff were to prevail on the claim it would not affect any substantive benefits under the Act. Rather, Plaintiff's claims would arise under the Due Process Clause or the First Amendment; and the United States did not waive sovereign immunity as to claims that arise under the Constitution of the United States. 42 U.S.C. § 405(h). Plaintiff has failed to allege any facts by which the Court can reasonably infer that she could state a claim under the Social Security Act based on prohibiting her from physically entering any Social Security Office.

### C. Leave to Amend

Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. Plaintiff is advised that her complaint must clearly set for the basis of the claims that she seeks to litigate in this action and the relief that she is requesting.

While Plaintiff only needs to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. . . .", Fed. R. Civ. P. 8(a)(2), the complaint must contain sufficient facts for the to draw the reasonable conclusion that the defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678. Therefore, to state a claim, the complaint must be coherent enough for the Court to determine the basis of the claims and the relief that Plaintiff is seeking in this action.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of her federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. <u>See</u> <u>Lopez</u>, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of

this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**November 15, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE