| | |
|---|---|
| GINNY RENE BURNS, | Case No. 1:19-cv-01534-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO OBEY A COURT ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I.

## PROCEDURAL HISTORY

Ginny Rene Burns ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint on October 29, 2019. (ECF No. 1.) On November 15, 2019, Plaintiff's complaint was screened and it was found not to state a cognizable claim. (ECF No. 8.) Plaintiff was granted leave to file an amended complaint within thirty days. (Id.) More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the November 15, 2019 order.

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

/ / /

# II.

# DISCUSSION

## A. Allegations in Complaint

Plaintiff's October 29, 2019 complaint is incomprehensible. Plaintiff attaches a letter from the Social Security Administration, dated March 18, 2016, which informs her that she "**cannot** enter any Social Security office for any reason. This restriction means that if you enter a Social Security office, you can be arrested and charged with trespassing." (ECF No. 1 at 7[1] (emphasis in original). The letter states:

> **Why You May No Longer Enter An Office**
>
> Your actions in the WEST FRESNO CA Social Security office violated our regulations. These regulations prohibit threatening or disorderly conduct on Federal property or directed at our personnel. Specifically, on 03/18/2016, you assault a federal officer, and was disruptive and disorderly in the SSA office.

(Id. (errors in original).) Plaintiff was advised that she may only enter an SSA office if she received "**a certified letter with the specific date and time of an appointment.**" (Id. (emphasis in original).) Plaintiff was also provided with information on how to appeal the letter should she disagree with the decision. (Id. at 8.)

Plaintiff's complaint appears to state that she did nothing wrong and is entitled to more benefits that were withheld giving her nine hundred dollars. However, the basis of Plaintiff's claims in this action are not clear. The Court cannot determine if Plaintiff is challenging the letter prohibiting her from entering any Social Security office or if her claim is based on the withholding of benefits.

## B. Denial of Benefits Under the Social Security Act

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.' " Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).)

In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

If Plaintiff is seeking to appeal a final decision of the Commissioner, she must demonstrate that she has complied with the requirements of Section 405(g). To comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits. This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. §§ 404.905, 404.909. If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council. 20 C.F.R. § 404.955. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

In order to seek judicial review of a denial of Social Security benefits and/or disability

benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. Plaintiff has included no allegations in the complaint that she applied for or was receiving Social Security benefits, appealed an adverse decision, had a hearing regarding the denial of benefits, and received a final decision of the Commissioner. Plaintiff has failed to allege sufficient facts to establish that this Court has jurisdiction over any claim challenging a benefits decision by the Social Security Commissioner.

### C. March 18, 2016 Letter

To the extent that Plaintiff is challenging the letter preventing her from entering any Social Security office, this court does not have jurisdiction unless the claim arises under the Social Security Act. A claim arises under the Social Security Act when a plaintiff seeks to recover Social Security benefits or when the Act "provides both the standing and the substantive basis for" the claim. Weinberger v. Salfi, 422 U.S. 749, 760–61 (1975). Claims clearly "arise under" the Act "where an individual seeks a monetary benefit from the agency . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial". Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). Such a claim related to a monetary benefit "arises under" the Social Security Act "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." Id.

In Kaiser, the Ninth Circuit applied a two-part test to determine if the claims arose under Medicare to determine if they could proceed under section 405(g). First, claims that are "inextricably intertwined" with the benefits determination may arise under Medicare. Kaiser, 347 F.3d at 1112 (quoting Heckler v. Ringer, 466 U.S. 602, 615 (1984)). Second, claims for which "both the standing and the substantive basis for the presentation' of the claims" is the Act may arise under Medicare. Kaiser, 347 F.3d at 1112 (quoting Ringer, 466 U.S. at 615, and Weinberger, 422 U.S. at 760–61).

Here, Plaintiff has alleged no facts by which the Court could find that the denial of entry into a Social Security office is inextricably intertwined with the denial of her claim for benefits.

Additionally, the Social Security Act does not provide the standing and substantive basis for any claim based upon prohibiting Plaintiff from entering any Social Security office. The claim does not challenge any payment of benefits to Plaintiff. The Act itself does not provide that an individual has a right to enter a Social Security office and if Plaintiff were to prevail on the claim it would not affect any substantive benefits under the Act. Rather, Plaintiff's claims would arise under the Due Process Clause or the First Amendment; and the United States did not waive sovereign immunity as to claims that arise under the Constitution of the United States. 42 U.S.C. § 405(h). Plaintiff has failed to allege any facts by which the Court can reasonably infer that she could state a claim under the Social Security Act based on prohibiting her from physically entering any Social Security Office.

### D. Plaintiff's Complaint Should be Dismissed for Failure to State A Claim

For the reasons discussed above, Plaintiff has failed to state a cognizable claim in her October 29, 2019 complaint. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim.

### E. Dismissal of Action for Failure to Amend and Failure to Prosecute

Here, the Court screened Plaintiff's complaint, and on November 15, 2019 an order issued providing Plaintiff with the legal standards that applied to her claims and granting her leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's November 15, 2019 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of November 18, 2019 and has not done so. Accordingly, the operative pleading is the October 29, 2019 complaint which has been found insufficient to establish jurisdiction or to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and her failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in

favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's November 15, 2019 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order" (ECF No. 8 at 7.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

**IV.**

**CONCLUSION AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to establish jurisdiction or state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the November 15, 2019 order, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order and failure to prosecute.

IT IS FURTHER ORDERED that the Clerk of the Court shall randomly assign this matter to a District Judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 20, 2019**__

UNITED STATES MAGISTRATE JUDGE